UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00100-FDW-DSC

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARGARET PACE CAGLE and )<br>JAMES VANCE CAGLE, )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court on Defendant James V. Cagle's Motion for Summary Judgment. (Doc. No. 27). As required at this stage, all reasonable inferences are drawn in favor of the non-moving party with respect to Defendant James Cagle's motion. Having drawn all reasonable inferences in Defendant Margaret Cagle's favor, and for the reasons set forth, the Court GRANTS Defendant James Cagle's Motion.[1]

The crux of the matter is that Mr. Vance Cagle irrevocably designated his son, Mr. James Cagle, as his beneficiary under the insurance policy at issue. (Doc. No. 1, 28-3). Neither Plaintiff nor Defendants contest that the beneficiary designation is irrevocable. It is also uncontested that Mr. Vance Cagle requested the policy beneficiary be changed to his wife in October of 2002 (Doc. No. 1, 15), and Plaintiff Primerica Life Insurance processed the change. (Doc. No. 1, 32) What is contested is whether or not Mr. Vance Cagle's October 2002 requested beneficiary change was legally valid.

---

[1] Defendant Margaret Cagle did not appear at the April 6, 2017, Summary Judgment Hearing; however, Ms. Cagle's absence in no way influenced this Court's decision. The issue is purely a matter of law and no material facts remain in dispute.

1

When the beneficiary of insurance policy proceeds is at issue, the policy language controls. Fid. Bankers Life Ins. Co. v. Dortch, 318 N.C. 378, 380 (1986). The language of Mr. Vance Cagle's policy is clear and unambiguous. "A beneficiary designated irrevocably may not be changed except with the written consent of that beneficiary." (Doc. No. 28-1). Mr. Vance Cagle irrevocably designated Mr. James Cagle as his beneficiary. While Vance Cagle requested the beneficiary be changed to his wife, he never received Mr. James Cagle's written consent. (Doc. No. 9, 28-5). Thus, Mr. Vance Cagle's attempted change of beneficiary was legally invalid.

There are two exceptions that may apply when a policy holder fails to validly complete a beneficiary change. While Defendant Margaret Cagle, appearing pro se, did not address either exception, the Court will address each briefly.

Under North Carolina Law, an insured has substantially complied with change of beneficiary policy requirements if all that remains to be done are ministerial acts. Teague v. Ins. Co., 200 N.C. 450, 456 (1931); see also Provident Life and Acc. Ins. Co. v. Suarez, 846 F.2d 73 (4th Cir. 1988). Ministerial acts are those which involve obedience to instruction, but do not require any special skill, judgment, or discretion. Adams v. Jefferson-Pilot Life Ins. Co., 148 N.C. App. 356 (2002) (citations omitted). It is uncontested that Defendant James Cagle's written consent was required to change the beneficiary. Defendant Cagle's written consent demands special discretion and judgment, and therefore Mr. Vance Cagle did not substantially comply with the policy's beneficiary change requirements.

The North Carolina Supreme Court addresses the second exception in Sudan Temple versus Umphlett. 246 N.C. 555 (1957). Coined the "interpleader rule," the exception allows for an insurer to waive any policy formalities required to change a beneficiary when the insurer chooses to interplead the claimants. Sudan, 246 N.C. at 560. Instead of the policy formalities, the

2

intent of the deceased is put at issue and the matter is left for the Court to decide based upon the rights and equities of the parties. Fidelity, 318 N.C. at 383; see also Provident Life, 846 F.2d at 73. The rule is limited to cases where the original beneficiaries' rights had vested after the beneficiary change because the rule was not designed to defeat vested rights. Fidelity, 318 N.C. at 383.

The rights of an irrevocably-designated beneficiary vest at the time the designation is made. Id. at 382. It is uncontested that Vance Cagle irrevocably designated Defendant James Cagle as his beneficiary on August 18, 1998. As an irrevocable beneficiary under the policy, Defendant James Cagle's rights vested August 18, 1998 (Doc. No. 28-1), four years before Vance Cagle attempted to change the beneficiary to Defendant Margaret Cagle. The interpleader rule cannot apply because Defendant James Cagle's rights vested before the attempted beneficiary change.

For these reasons, the Court finds no material facts remain in dispute. Defendant James Cagle is the sole beneficiary of Mr. Vance Cagle's life insurance policy and he is entitled to the $40,000.00 dollar death and applicable interest deposited into the Registry of the Court. Accordingly, Defendant James Cagle's Motion for Summary Judgment (Doc. No. 27) is GRANTED. The Clerk is respectfully DIRECTED to issue payment of the death benefit from the funds deposited into the Registry of this Court to Mr. Cagle in the amount of $40,375.40.

IT IS SO ORDERED.

Signed: April 7, 2017

Frank D. Whitney
Chief United States District Judge